## In The United States District Court
## For The Northern District Of Texas
## Dallas Division

| | | |
|---|---|---|
| **Lula Westbrook,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Case No. 3:24-CV-451-E-BK** |
| | § | |
| **United States,** | § | |
| **Defendant.** | § | |

### Findings, Conclusions and Recommendation
### of the United States Magistrate Judge

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate.  Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### I. BACKGROUND

On February 15, 2024, Plaintiff Lula Westbrook filed a handwritten complaint against Defendant United States that states only:



Doc. 3 at 1.

Upon review, the Court concludes that, notwithstanding the failure of the Complaint to state a cogent claim, because the United States is immune from suit subject matter jurisdiction is lacking.[1]

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Sovereign immunity is a jurisdictional matter. *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014). And the plaintiff, as the party asserting subject matter jurisdiction, bears the burden of establishing that it exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, the Court lacks jurisdiction over Westbrook's claims against the United States.

Under the doctrine of sovereign immunity, the United States government cannot be sued unless it gives its consent. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (cleaned up

---

[1] Because jurisdiction is lacking, the deficiencies in Plaintiff's pleadings and noncompliance with the Court's filing requirements are not addressed.

and citations omitted)).  And the sovereign immunity of the United States extends to its agencies.

*See* *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields

the Federal Government and its agencies from suit.").  Thus, Westbrook's claims against the

United States are barred by sovereign immunity.  *Id.* at 484.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before

dismissal, but leave is not required when he has already pled his "best case."  *Brewster v. Dretke,*

*587 F.3d 764, 767-68 (5th Cir. 2009)*.  As demonstrated above, the facts as alleged in

Westbrook's  complaint demonstrate a lack of subject matter jurisdiction in this Court that is not

curable by amendment.  Thus, granting leave to amend would be futile and cause needless

delay.[2]

### IV. CONCLUSION

For all these reasons, Westrook's complaint should be **DISMISSED WITHOUT**

**PREJUDICE** for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on March 4, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The 14-day statutory objection period will permit Westbrook to proffer any plausible factual
basis from which it can be inferred that the United States indeed has waived its sovereign
immunity as to this action.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).